[6 NYS3d 528]

In the Matter of DANIEL B. BARRY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 1, 2015

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Daniel B. Barry*, pro se for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court

on June 24, 2004, and currently resides in Monroe County. The Grievance Committee filed a petition charging respondent with professional misconduct based on two convictions from 2014. Respondent filed an answer admitting the material allegations of the petition, and he thereafter appeared before this Court and submitted matters in mitigation.

Respondent admits that, in April 2012, he was involved in a one-vehicle accident after taking the prescription drugs oxycodone and soma to treat neck pain. Respondent was charged with various violations of the Vehicle and Traffic Law and, in February 2014, he resolved all charges by entering a plea of guilty in Salina Town Court to driving while ability impaired (§ 1192 [1]) and failure to reduce speed (§ 1180 [e]). The court imposed a fine in the amount of $575.

Respondent additionally admits that, in July 2012, he was issued appearance tickets returnable in Camillus Town Court charging him with possession of a hypodermic needle and aggravated unlicensed operation of a motor vehicle. Respondent resolved those charges in May 2014 by entering a plea of guilty to disorderly conduct (Penal Law § 240.20), and he was sentenced to a conditional discharge.

We conclude that respondent has violated rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) by engaging in illegal conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that he has successfully participated in substance abuse treatment since 2012, he has an otherwise unblemished record, and the misconduct was unrelated to his practice of law. In addition, we have considered respondent's expression of remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

PERADOTTO, J.P., LINDLEY, WHALEN and DEJOSEPH, JJ., concur.

Order of censure entered.